**SO ORDERED.**

**SIGNED this 20 day of September, 2013.**

_____
A. Thomas Small
United States Bankruptcy Court Judge

_____

```
              UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                    WILMINGTON DIVISION


   IN RE:

   KIMBERLY NIFONG MITCHELL,             CASE NO. 11-08880-8-ATS

        DEBTOR.                          CHAPTER 11
```

**ORDER DENYING APPLICATION FOR ALLOWANCE OF AN ADMINSTRATIVE EXPENSE CLAIM**

The matter before the court is the application of Oliver Friesen Cheek, PLLC ("OFC") for the allowance of an administrative expense claim. The bankruptcy administrator objected to the application, and a hearing was held on September 4, 2013, in Raleigh, North Carolina.

**BACKGROUND**

Kimberly Nifong Mitchell filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 21, 2011. A month later, on December 22, 2011, Ms. Mitchell filed an application to employ OFC as attorney for the debtor in

1

possession.  The application included, as required by Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the sworn affidavit of George Mason Oliver, a member of OFC, attesting that OFC represents no interest materially adverse to the debtor or the estate, and that OFC is disinterested within the meaning of Bankruptcy Code § 327(a).  The bankruptcy administrator entered a recommendation of no objection to the application on January 5, 2012, and on January 9, 2012, Judge J. Rich Leonard entered an order granting the application.  Subsequently, that same day, the debtor's financial affairs and summary of schedules were amended disclosing that a short time prior to her bankruptcy petition, the debtor, on November 7, 2011, conveyed three pieces of real property with a combined value of $640,000 to JP Double H Properties, LLC ("JPDHP").  The transaction is significant because although OFC did not represent JPDHP in the transaction it did at the time represent John Glass Hamilton, also a chapter 11 debtor, who was a 50% owner of JPDHP.  Mr. Hamilton had a close personal and business relationship with the debtor.  Mr. Hamilton acted as a listing agent for the debtor's real property on Oak Island, North Carolina, and Ms. Mitchell's property management company, Better Beach Rentals, Inc., acted as the management company for Mr. Hamilton's rental properties.

On April 19, 2012, the bankruptcy administrator filed a motion to disqualify OFC on the basis that OFC failed in its Rule 2014 affidavit to disclose material connections between Mr. Hamilton and Ms. Mitchell, and that OFC had a conflict of interest and was not qualified to represent the debtor in possession because of OFC's representation of Mr. Hamilton, the 50% owner of JPDHP, who benefitted from the conveyances to JPDPH.  The following day, OFC filed an amended attorney's affidavit disclosing OFC's representation of Mr. Hamilton, his ownership of JPDHP and his connections to the debtor.  The amended affidavit also stated that the firm "represents no interest materially adverse to said Debtor or estate of the alleged Debtor in any matters upon which it is to be engaged."

Additionally, the amended affidavit stated that at the time of the debtor's application to employ the firm, OFC had prepared an affidavit that disclosed some of the connections between Mr. Hamilton and the debtor.  The affidavit, which according to OFC was inadvertently not filed with the application to employ their firm, stated that OFC "represents John Hamilton in a Chapter 11 proceeding, Case No. 11-07491-8-JRL."  Furthermore, the unfiled affidavit stated that "Mr. Hamilton is the Debtor's listing agent on the Debtor's real property located at 1108W-Yacht Dr." and that "the Debtor's property management company, Better Beach Rentals, Inc. acts as the management company for Mr. Hamilton's

3

rental real property." The unfiled affidavit did not disclose Mr. Hamilton's involvement with Ms. Mitchell's real property conveyance to JPDHP. On June 14, 2012, Judge Leonard entered an order disqualifying OFC from representing the debtor in possession in this bankruptcy case based on the conflict of interest arising from OFC's representation of both the debtor and Mr. Hamilton. Judge Leonard found that an *actual conflict of interest* existed, because Mr. Hamilton was "clearly" an interested party and also one of OFC's clients. In re Mitchell, No. 11-08880-8-ATS (Bankr. E.D.N.C. June 14, 2012). Judge Leonard found that "OFC owed a duty to the debtor to fully investigate the nature of the transaction [the conveyance of real property to JPDHP] and file an action to recover for fraudulent conveyance if necessary. This obligation is at odds with OFC's duty not to undo the transaction in Mr. Hamilton's case." Id. After the disqualification of OFC Ms. Mitchell employed another attorney to represent the debtor in possession in her chapter 11 case.

On June 28, 2013, OFC filed its application for the allowance of an administrative expense claim pursuant to §§ 503(b) and 507(a)(2). OFC now seeks to be compensated for the legal work it performed for the debtor in possession between December 22, 2011, the date of the application to employ the firm, and June 14, 2012, the date of Judge Leonard's order

4

disqualifying the firm. OFC argues that between December 22, 2011, and June 14, 2012, the firm worked zealously on behalf of the debtor in possession and that the firm's representation was beneficial to the estate. OFC requests that the court allow an administrative expense claim, pursuant to § 503(b)(1)(A) and § 507(a)(2), for legal fees and expenses in the amount of $50,360.71. The bankruptcy administrator contends that because OFC was found to have a conflict of interest and was disqualified from representing the debtor, OFC should receive no compensation.

**DISCUSSION**

OFC maintains that its application for compensation should be considered under § 503(b)(1)(A) which provides for allowance of administrative claims based on "the actual, necessary costs and expenses of preserving the estate." The bankruptcy administrator disagrees and correctly argues that postpetition professional fees are to be considered under § 503(b)(2), which requires consideration of §§ 330 and 327. 11 U.S.C. § 503(b)(2); Surry Inv. Servs. v. Smith, 418 B.R. 140 (M.D.N.C. 2009); In re Albrecht, 233 F.3d 1258 (10th Cir. 2000); F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.), 844 F.2d 99, 108-09 (3d Cir. 1988). Pursuant to § 503(b)(2), an allowed administrative expense includes "compensation and

5

reimbursement awarded under section 330(a) of [the Bankruptcy Code]." Section 330(a) provides that the court may award, to a professional person employed under § 327, reasonable compensation for actual, necessary services rendered by that person and reimbursement for actual, necessary expenses. A chapter 11 debtor in possession, pursuant to § 1107, has the rights and powers of a trustee which include the authority to hire an attorney. In order to be employed as an attorney for a trustee or a debtor in possession, the attorney must not hold or represent an interest adverse to the estate and must be a disinterested person as defined in § 101(14). 11 U.S.C. § 327(a). If an attorney has a conflict of interest or is not disinterested, the attorney may not be employed under § 327(a).

OFC maintains that even though it was disqualified from representing the debtor, the court pursuant to § 328(c) has the discretion to allow compensation for attorneys fees and expenses. Section 328(c) provides:

> [e]xcept as provided in section 327(c), 327(e), or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

6

OFC argues that the word "may" in § 328(c) gives the court discretion to allow compensation for services and reimbursement of expenses in situations where a professional person employed under § 327 is later disqualified from representing the debtor. According to OFC the court has discretion to allow fees even in circumstances such as in this case where the conflict of interest existed at the time of court's approval of the attorney's employment, was known to the attorney, and was not disclosed by the attorney to the court.  The bankruptcy administrator contends that because the conflict existed at the time of the employment, the order employing OFC was not valid and the court has no discretion to allow any fees.

The United States Court of Appeals for the Fourth Circuit has not addressed this issue but two circuit courts, the Sixth Circuit and the Seventh Circuit have, with different results.

The Sixth Circuit's interpretation of § 328(c) is that the bankruptcy court has no discretion in allowing fees where the initial approval of employment is invalid.  The court in <u>Michel v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)</u>, 44 F.3d 1310 (6th Cir. 1995) said

> We believe that § 328(c) is not controlling here. Rather, the decision to grant compensation is governed by § 330(a) and that provision, like § 328(c), clearly requires a valid professional appointment under § 327(a) as a prerequisite to an award of compensation. See <u>In re EWC, Inc.</u>, 138 B.R. 276, 282-83 (Bankr. W.D.

7

>Okla. 1992) ("[T]o allow a court to, in essence approve employment as an officer of the court retrospectively by allowing payment for services rendered during a conflict pursuant to § 328(c), when the same may not do so prospectively, pursuant to § 327(a), is illogical, does not give effect to § 327(a), and gives little respect to the Bankruptcy Code."). Accordingly, we hold that a valid appointment under § 327(a) is a condition precedent to the decision to grant or deny compensation under § 330(a) or § 328(c).

Federated Dep't Stores, 44 F.3d at 1319-20.

The Seventh Circuit, however, agrees with OFC's interpretation of § 328(c). Kravit, Gass & Weber, S.C. v. Michel (In re Crivello), 134 F.3d 831 (7th Cir. 1998). In Crivello, the court held that the language of § 328(c) which states "a professional person employed under section 327" does not require that the person be *validly* employed under § 327, just simply employed. Id. at 837. In reaching its decision, the Seventh Circuit rejected the reasoning of the Sixth Circuit in Federated Dep't Stores, and based its interpretation of § 328(c) on the plain meaning of the statute and the fact that "bankruptcy courts are courts of equity." Id. at 838. The Seventh Circuit is aware that its interpretation of § 328(c) might create an unintended incentive for attorneys not to disclose potential conflicts, but observed that this should not be a problem because "bankruptcy courts can minimize its effects

8

with the appropriate application of their discretion under § 328(c)." Id. at 839. The court counseled that

> [b]efore a bankruptcy court elects to award partial payment to a law firm or other professional that was improperly employed, it should consider whether the professional's failure to disclose was intentional. If any evidence exists to support an inference of intent, then the court should not fall prey to the professional's story of confusion, miscommunication, or negligence. We believe a bankruptcy court should punish a willful failure to disclose the connections required by Fed. R. Bankr. P. 2014 as severely as an attempt to put forth a fraud upon the court.

The court agrees with the analysis of the Seventh Circuit and in its discretion to allow or disallow OFC's fees concludes that all of the requested fees should be disallowed.

A law firm with as much experience representing chapter 11 debtors as OFC has had should have known that representing both Mr. Hamilton and Ms. Mitchell created a disqualifying conflict of interest. But, even if the firm was unsure about whether the joint representation was permissible, at a minimum OFC certainly had an obligation to disclose the potential conflict and to bring the issue to the court's attention. OFC's failure to make that required disclosure meant that the court reviewed the employment application on incomplete information and the misleading statement that the firm did not have a conflict and was disinterested. An experienced chapter 11 attorney

9

should have recognized the obligation to make the disclosure. The close business relationship between the debtors and the substantial real property conveyances made by Ms. Mitchell to JPDHP just prior to bankruptcy that caused the conflict and led to OFC's disqualification made disclosure essential. OFC knew of Mr. Hamilton's 50% ownership of JPDHP because it is mentioned in the bankruptcy schedules that OFC filed on October 14, 2011, on behalf of Mr. Hamilton in his chapter 11 case. Judge Leonard's order of June 14, 2012, states that "Mr. Hamilton claims to have notified OFC of the [real estate] transaction around when it took place," and there is no evidence before the court to the contrary.

OFC's only explanation for failing to make the required disclosures is that the correct affidavit was not filed due to an office inadvertence. The disclosure was essential to the court's consideration of the employment application and to the proper administration of the case, and the failure to make the disclosure cannot be justified by a mere administrative error. Not only was the transaction not disclosed in OFC's affidavit, it also was not disclosed in the debtor's schedules filed on December 15, 2011. Furthermore, Judge Leonard in his order of June 14, 2012, found that Ms. Mitchell was not "forthcoming" to

10

the court regarding the JPDHP transaction, did not disclose the transaction at the bankruptcy administrator's intake conference on December 7, 2011, or at the debtor's meeting of creditors on December 19, 2011.  It may have been Ms. Mitchell who was not forthcoming, but as counsel for the debtor in possession OFC had a duty to see that accurate information was provided by the debtor in her schedules, at the bankruptcy administrator's intake conference and at the meeting of creditors.

By not making the disclosures and failing to call the conflict to the court's attention, OFC assumed the risk that the firm would be disqualified from representing the debtor and that the firm would not be compensated for the legal work performed pursuant to an order of employment that was based on OFC's incomplete and misleading affidavit.

The court can find no mitigating circumstances that would justify an award of attorney's fees in this case.  Accordingly, the application for allowance of an administrative expense claim is **DENIED**.

**END OF DOCUMENT**